# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50072
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 23, 2018

Lyle W. Cayce
Clerk

RICARDO ENRIQUEZ SANCHEZ,

Plaintiff-Appellant

v.

DORIS DAVIS; FNU COMSTOCK, TDCJ Warden; WALTER M. REAVES, JR., Court Appointed Attorney at Law; BETH TOBEN; MARK PARKER; CAROL DEL, Interpreter; WACO POLICE DEPARTMENT OFFICERS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-340

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

In November 2017, Ricardo Enriquez Sanchez, Texas prisoner # 1745089, filed a civil rights action under 42 U.S.C. § 1983 against various defendants, asserting that his constitutional rights were violated during his 2008 arrest, his 2009 jury trial, and his 2011 guilty plea proceedings. The district court dismissed the complaint as frivolous pursuant to 28 U.S.C.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50072

§ 1915(e)(2)(B), concluding that Enriquez Sanchez's claims were filed more than two years after the complained-of events. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989); TEX. CIV. PRAC. AND REM. CODE ANN. § 16.003(a). On appeal, Enriquez Sanchez argues the merits of his allegations of constitutional harm, but he does not challenge the district court's conclusion that his complaint was untimely. His failure to identify any error in the district court's analysis constitutes an abandonment of such claims. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The appeal is without arguable merit and is thus frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of Enriquez Sanchez's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 385-87-88 (5th Cir. 1996). Enriquez Sanchez previously accumulated a strike. *See Enriquez Sanchez v. Allen*, No. 6:11-CV-234 (W.D. Tex. Sept. 28, 2011) (unpublished). Because Enriquez Sanchez has now accumulated three strikes, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

**APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.**